UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ERIC THOMAS GILBERT | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. <u>1:15-CV-00041-P</u> |
| | § | |
| | § | |
| ATS SPECIALIZED, INC. et al | § | |
| | § | |
| Defendant | § | |

<u>PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

1.      NOW COMES, Eric Thomas Gilbert (also referred to as Plaintiff), an individual who resides at Whiteville, Tennessee.

2.      Defendant, ATS Specialized, Inc. (hereinafter referred to as "ATS") is properly before the court; Defendant Caple Charles Michael of 6325 Garden Oaks Drive, Shreveport, Louisiana is in the process of being served herein.

3.      Defendants Leslie Jon Crosby and Zackary Pitman Crosby of 1308 Adrian Drive, Springfield, Tennessee 37172 where they may be served herein.  Zackary Pitman Crosby was the driver of a Chevrolet Silverado C1500 pickup in which the Plaintiff was a passenger; that collided with the rear portion of the 18-wheeler at the time and date in question.  Defendant Leslie Jon Crosby was the owner of the Silverado pickup and was a passenger at the time of the collision in question.  These two Defendants are being added to this suit by this amended pleading.

**I. JURISDICTION**

4.      This Court has jurisdiction over this matter under 28 U.S.C. Sec. 1332, because Plaintiff and Defendant ATS reside in different states and has discretionary jurisdiction over the two Crosby

Defendants being added under Supplemental Jurisdiction since these non-diverse state counts meet the same "case or controversy requirements" of 28 U.S.C. Sec 1367 (a-c).

## II. VENUE

5.      Venue is proper in this Court since the cause of action arose in Callahan County, Texas which is in this district.

## III. FACTS

6.      This lawsuit results from a collision that occurred on December 6, 2013 on IH20 near the intersection of FM 2047 in Callahan County, Texas.  The 2007 Chevrolet Silverado C1500 pickup in which Plaintiff was riding as a passenger was traveling east on IH-20 traveling in the inside lane.  Defendant Michael was also traveling eastbound at the same time and place on IH-20 driving a 2012 Kenworth 18-wheeler truck traveling in the outside lane when he suddenly and without adequate warning changed lanes with the 18-wheeler into the inside lane directly into the path of the Chevrolet pickup; the Chevrolet pickup was then unable to avoid colliding with the 18-wheeler because of snow and/or ice that had accumulated on the surface of IH-20 in that area.  The two vehicles crashed violently injuring the Plaintiff.  Defendant Zackary Pitman Crosby was negligent in failing to keep a proper lookout, driving at an excessive rate of speed under the circumstances; failure to timely apply his brakes each of which acts and failure was a proximate cause of the collision in question.  Further, Defendant Leslie Jon Crosby was negligent in entrusting the driving of the Chevrolet pickup under the circumstances to his twenty year old son who he knew was inexperienced and alternately an incompetent and reckless driver which was also a proximate cause of the collision in question.

7.      As a result of the impact between the Chevrolet pickup and Defendant Michael's 18-wheeler, Plaintiff suffered serious and lasting personal injuries to his back, left leg, neck and ribs.

## IV. NEGLIGENCE

8.     At the time of the collision, Defendant driver Michael was operating the 18-wheeler truck in a negligent manner.  Defendant driver Michael had a duty to exercise ordinary care and operate his vehicle reasonably and prudently.  Defendant Michael breached that duty in one or more of the following ways:

   a.   He changed lanes when it was unsafe to do so under the circumstances;

   b.   He changed lanes when there was insufficient clearance from the Chevrolet pickup to do so under the circumstances; and

   c.   He failed to keep a proper lookout under the circumstances.

9.     Defendant Zackary Pitman Crosby was negligent in the following ways:

   a.   He failed to keep a proper lookout under the circumstances;

   b.   He was driving at an excessive rate of speed under the circumstances;

   c.   He failed to timely apply his brakes.

10.     Defendant Leslie Jon Crosby was negligent in entrusting his twenty year old son Zackary Pitman Crosby with the driving of the Chevrolet pickup under the prevailing circumstances where he knew the son was an inexperienced reckless and incompetent driver and such negligence was a proximate cause of the collision in question.

## V. DAMAGES

11.     As a direct and proximate result of the negligence of each and all Defendants, Plaintiff suffered injuries and damages including:

   a.     Physical pain and mental anguish in the past and future;

   b.     Loss of earning capacity;

   c.     Physical impairment in the past and future; and

   d.     Medical expense in the past and future.

## VI. COURSE OF EMPLOYMENT

12.     At the time and place of the injury in question Defendant driver Michael was in the course and scope of his employment with Defendant ATS.

## PRAYER

For these reasons Plaintiff asks for judgment against Defendants jointly and severally for the following:

      a.     Actual damages in an amount in excess of $70,000 and within the jurisdictional limits of this Court  which amount will include medical expenses in the amount due and owing of over $6,000 and still accumulating and anticipated medical expenses of $50,000;

      b.     Prejudgment and postjudgment;

      c.     Costs of suit; and

      d.     All other relief the Court deems appropriate.

Respectfully submitted,


I/s/Bob Hanna
**BOB HANNA**
State Bar No. 08918000
302 Chestnut
Abilene, Texas  79602
E-mail:  bob@hannalawfirm.com
Tel.  325-673-3792
Fax  325-677-1656
**ATTORNEY FOR PLAINTIFF,
ERIC THOMAS GILBERT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of May 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served on all counsel of record by electronic service:  lynn@texasdefense.com.

/s/Bob Hanna
BOB HANNA