CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 FEB -2  AM 9:47

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ERIC THOMAS GILBERT, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )   No. 1:15-CV-0041-BL |
| | ) |
| ATS SPECIALIZED INC., et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

By Electronic Standing Order of Reference dated April 14, 2015, the District Judge referred this case to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). *See* Dkt. Entry 4. On April 27, 2016, the District Judge reassigned this case to the undersigned for all further proceedings subject to the consent of the parties. *See* Second Am. Special Order No. 3-301 (doc. 42). In accordance with the authority delegated and under Fed. R. Civ. P 12(h)(3), the undersigned considers whether the Court has jurisdiction over this action. Concluding that federal jurisdiction is lacking in this case, the undersigned issues this Report and Recommendation consistent with § 636(b).

In June 2016, the undersigned first expressed concern about whether Plaintiff's addition of two new defendants in this action divested this Court of jurisdiction. *See* Order (doc. 48). After receiving a joint status report from the parties in August 2016 that did not address that jurisdictional concern, the undersigned considered the relevant background of this case and principles of diversity jurisdiction and issued an Order to Show Cause directing Plaintiff to show cause why the Court should not dismiss this action for lack of jurisdiction.[1] *See* Order to Show Cause (doc. 53).

---

[1] In the show cause order, the undersigned extensively set out the relevant procedural background of this case. There is no need to restate the background here.

On December 8, 2016, Plaintiff conceded that jurisdictional defects exist in this case, but requested that the Court not dismiss this case for lack of jurisdiction because he would "request leave to file an amended complaint and take other actions necessary for the Court to retain jurisdiction." Pl.'s Resp. Order to Show Cause (doc. 54). On December 22, 2016, Defendant Leslie Jon Crosby filed a response to Plaintiff's response to the Court's order to show cause and urged the Court to dismiss this action for lack of jurisdiction. *See* Doc. 55. There has been no subsequent filings in this case.

For the reasons stated in the order to show cause, diversity jurisdiction appears to be lacking in this case. Plaintiff has made no effort to show that diversity jurisdiction exists on the facts of this case and has taken no steps to remedy any jurisdictional defect. Consequently, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P 12(h)(3) unless Plaintiff takes sufficient steps to remedy the defects or otherwise provides persuasive facts showing that federal jurisdiction indeed exists. In light of the recommended jurisdictional dismissal, the undersigned directs the Clerk of Court to reassign this case, including the pending Amended Agreed Motion to Dismiss All Claims (doc. 49) filed by Plaintiff, to Senior District Judge Sam R. Cummings in accordance with the Second Amended Special Order No. 3-301. The recommended dismissal of this action will resolve the pending motion, but the dispositive motion will require court action if the Court does not dismiss the case as recommended.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED this 2nd day of February, 2017.**

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**